UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK AND HEIDI MORICE                          CIVIL ACTION

VERSUS                                         NO. 12-1156
                                               c/w 14-1221

CITY OF GRETNA, ET AL.                         SECTION "B"(3)

ORDER AND REASONS

I.  Nature of the Motion and Relief Sought

Before the Court is Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim.[1] Plaintiffs have filed a response.[2]

Accordingly, and for the reasons enumerated below,

IT IS ORDERED that the Motion to Dismiss is DENIED, in part, and GRANTED, in part. IT IS FURTHER ORDERED that Plaintiffs are granted leave to amend the complaints to plead with specificity the facts and circumstances surrounding the Louisiana state law claim for loss of consortium.

II. Facts and Procedural History

This civil rights action arises out of a land use dispute. Plaintiffs allege that their First Amendment free speech, and Fourteenth Amendment equal protection and due process rights were violated by Defendants City of Gretna and its officials,

[1] Rec. Doc. No. 62.
[2] Rec. Doc. No. 65.

1

and invoke subject matter jurisdiction under 42 U.S.C. § 1983.[3] Plaintiffs also assert this Court's supplemental jurisdiction over various state law claims, including malicious prosecution and loss of consortium.[4]

Plaintiffs allege that, after obtaining approvals from their Homeowners' Association and thereafter, from the City of Gretna, Department of Building and Regulatory Inspection, they constructed a 225' wooden fence that surrounded their home.[5] The City of Gretna believed the fence was not in compliance with the height restrictions of city ordinances in place at the time and issued a citation to Mr. Morice to appear in magistrate's court.[6] On March 17, 2011, following trial on this citation, Mr. Morice was found guilty and ordered to pay a $300 fine.[7] On appeal, the district court overturned the decision of the magistrate court.[8] Thereafter, Defendants brought charges regarding numerous additional violations committed by Plaintiffs.[9]

Plaintiffs contend that, pending appeal, the city court decision was suspended and the enforcement of the magistrate court's decision was stayed.[10] Plaintiffs allege that, on May 6,

---

[3] Rec. Doc. No. 3 at 8-10; 65 at 1.
[4] Rec. Doc. No. 3 at 10.
[5] Rec. Doc. No. 65 at 2.
[6] Rec. Doc. No. 62-1 at 1.
[7] Rec. Doc. No. 62-1 at 1, Rec. Doc. No. 65 at 2.
[8] Rec. Doc. No. 62-1 at 2; Rec. Doc. No.65 at 2.
[9] Rec. Doc. No. 62-1 at 2.
[10] Rec. Doc. No. 65 at 2.

2011, Defendant Gorrondona ordered the destruction of Plaintiffs' fence and the City submitted a bill for the cost ($1,850) and imposed a lien upon Plaintiffs' property.[11]

Plaintiffs filed two separate lawsuits in federal court, against the City of Gretna and various city officials: Ronnie Harris, former mayor; Danika Gorrondona, Director of the Inspections, Department of Building and Regulatory Inspections; Mark Morgan, City Attorney; and, Belinda Constant, Mayor, alleging claims under 42 U.S.C. § 1983, as well as under Louisiana state law. The cases were consolidated by the Court.[12]

Defendants filed the instant motion to dismiss urging that, as to the federal law claims: (1) Plaintiffs have not sufficiently plead claims for municipal liability under § 1983; (2) Plaintiffs' § 1983 claims against the individual Defendants are barred by qualified immunity; and, (3) Plaintiffs have not stated a claim for denial of substantive due process. With regard to the state law claims, Defendants claim that: (1) Plaintiffs have failed to state a claim for malicious prosecution under Louisiana law; (2) Plaintiffs have failed to state a loss of consortium claim; and, (3) Plaintiffs' remaining state law claims should be dismissed for lack of subject-matter jurisdiction.

---

[11] Rec. Doc. No. 65 at 2.
[12] Rec. Doc. No. 59.

## III.   Law and Analysis

A. *Rule 12(b)(6) Standard for Dismissal*

A defendant may move for dismissal of a complaint that fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be subject to Rule 12(b)(6) dismissal if it appears beyond a doubt that a plaintiff can prove no set of facts in support of its claim that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Rubenstein v. Collins*, 20 F.3d 160 (5th Cir. 1994).

In deciding a motion to dismiss, the court takes all factual allegations contained in the complaint as true and resolves any ambiguities or doubts regarding sufficiency of the claim in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A court need not, however accept as true allegations that are conclusory in nature. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which

4

could be proved in support of his claim. *Reeves v. City of Jackson, Miss.,* 532 F.2d 491, 494 (5th Cir. 1976).

B. *Federal Law Claims*

Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law. 42 U.S.C. § 1983.

The Court first notes Plaintiffs' claims brought against Defendants in either their official or individual capacities. The distinction is significant because the defense of qualified immunity only applies to claims alleged against officials in their individual, but not their official, capacities. *See Keim v. City of El Paso*, 1998 WL 792699, at *3 (5th Cir. Nov. 2, 1998). Along with the City of Gretna, Plaintiff has asserted all claims against: Harris; Gorrodona; Morgan; and, Constant, in both their individual and official capacity.[13]

1. Municipal Liability under *Monell*

Defendants contend Plaintiffs have not sufficiently plead claims for municipal liability under 42 U.S.C. § 1983. A suit against municipal officers in their official capacity is treated as a suit against the municipality itself. To recover against a

---

[13] Rec. Doc. No. 3 at 2; Case No. 14-1221, Rec. Doc. No. 1 at 3.

5

municipality under § 1983, a plaintiff must demonstrate that his injury was caused by a governmental "policy or custom." Essentially, "[t]hey are liable only for their own acts and not those attributed to them by principles of *respondeat superior.*" *Victoria W. v. Larpenter,* 369 F.3d 475, 482 (5th Cir.2004) (*citing Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-92, (1978)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom...inflicts the injury that the government as an entity is responsible under § 1983." *Monell,* 436 U.S. at 694, 98 S.Ct. 2018.

Municipal liability under section 1983 requires proof of an "official policy," a "final" policymaker, and policymaker "knowledge" of, or "deliberate indifference" to, a risk of constitutional violations. *Bd. Of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 407 (1997); *Burge v. St. Tammany Parish*, 336 F.3d 363,369-73 (5th Cir. 2003); *Piotrowski v. City of Houston*, 237 F.3d 567, 578-83 (5th Cir. 2001)(*citing Monell*, 436 U.S. at 694)).

Plaintiffs have sufficiently plead a claim for municipal liability under § 1983. Plaintiffs claim that Defendants deprived Plaintiffs of equal protection and due process in the form of selective prosecution and retaliation for exercising the

right to free speech and access to the courts.[14] Specifically, Plaintiffs claim Defendant Gorrondona refused to enforce City ordinances respective to certain citizens violating the ordinance, while on the other hand, enforcing them against Plaintiff. Mr. Morice claims that, after speaking out and taking his case up on appeal, he was charged with numerous violations of city ordinances.[15]

Plaintiffs have identified Defendant Gorrondona, the Director of Inspections for the Department of Regulatory Inspection, as a 'policymaker.'[16] Plaintiffs allege Defendants have a policy or custom of retaliating against citizens who exercise their First and/or Fourteenth Amendment rights.[17] Plaintiffs support this by alleging that Defendant Gorrondona ordered the destruction and confiscation of Plaintiff's property, obstructed Plaintiffs' application for a new permit to rebuild the fence, and singled out Plaintiffs in issuing various summonses on behalf of the City of Gretna, all in retaliation for exercising their First and Fourteenth Amendment right to speak out on a matter of public concern.[18] Plaintiffs contend

---

[14] Rec. Doc. No. 3 at 8.
[15] Rec. Doc. No. 3 at 8.
[16] Rec. Doc. No. 65 at 7.
[17] Rec. Doc. No. 65 at 8.
[18] Rec. Doc. No. 65 at 5, 8.

that Defendants Harris and Morgan either participated in or ratified the foregoing.[19]

Although the foregoing alleged conduct cannot be aggregated to support the existence of an official policy or custom, the Court finds that the individual allegations survive a 12(b)(6) motion to dismiss. An unconstitutional governmental policy can be inferred from a single decision taken by the highest officials responsible for setting policy in an area of government business. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). The Court finds that, as alleged, Plaintiffs have sufficiently plead a claim for municipal liability to survive a Rule 12(b)(6) dismissal.

2. <u>Individual Capacity and Qualified Immunity</u>

Defendants have raised the qualified immunity defense to Plaintiff's § 1983 claims brought against their individual capacity. In *Harlow v. Fitzgerald*, the United States Supreme Court established that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

---

[19] Rec. Doc. No. 65 at 8.

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir.2002) (citation omitted). Because qualified immunity constitutes immunity from a lawsuit, rather than a mere defense to liability, the defense is intended to give public officials immunity from disruptive and burdensome pretrial matters such as discovery. *Id*. Therefore, adjudication of qualified immunity claims should occur "'at the earliest possible stage in litigation.'" *Id*. (*quoting Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991)).

The qualified immunity defense presents a two-part inquiry: (1) whether the facts alleged or shown by the plaintiff made out a violation of a constitutional right, and (2) whether that right was 'clearly established' at the time of the defendant's alleged misconduct. The Court must determine whether a public official's conduct deprived a § 1983 plaintiff of a "clearly established" constitutional or statutory right. *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009). A constitutional right "is clearly established if, 'in the light of pre-existing law the unlawfulness [is] apparent.'" *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 455 (5th Cir.1994) (en banc).

A public official may successfully assert the defense of qualified immunity even though the official violates a person's civil rights, provided the official's conduct was objectively reasonable. *Sanchez v. Swyden*, 139 F.3d 464, 466-67 (5th Cir. 1998). Whether an official's conduct is objectively reasonable depends upon the circumstances confronting the official as well as clearly established law in effect at the time of the official's actions. The subjective intent of the public official is irrelevant, and the official's knowledge of the relevant law need not rise to the level of a constitutional scholar. *Id*. Accordingly, the Court must determine whether a reasonable public official would have known that the alleged conduct was illegal.

### *First Amendment Free Speech Retaliation Claim*

To establish a claim for First Amendment retaliation under § 1983, a plaintiff must prove: (1) defendants were acting under color of state law; (2) the plaintiff's activities were protected under the First Amendment; and, (3) the plaintiff's exercise of the protected right was a substantial or motivating factor for defendant's actions. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Plaintiffs allege that Defendants were acting under color of state law; that Plaintiffs engaged in First Amendment activity by speaking out in the underlying matter and accessing the courts; and, that Defendants served summonses and destroyed private property in response.[20] Accepting as true all well pleaded allegations, reasonable public officials would have understood that these actions violated Plaintiffs' clearly established constitutional right to be free from retaliation for exercising the First Amendment right to free speech and access to the courts. *See Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). Qualified immunity is not appropriate if the Plaintiff can show that the officers "knowingly violated the law" regarding plaintiff's constitutional rights. *Mangieri v. Clifton*, 29 F.3d 1012, 1018 (5th Cir. 1994); *Doe v. Dantin*, No. 11-467, 2014 WL 2045344, (E.D. La., May 16, 2014).

***Fourteenth Amendment Equal Protection "Class of One" Claim***

Traditionally, for a Fourteenth Amendment Equal Protection claim, "a § 1983 plaintiff must show that a sate actor intentionally discriminated against the plaintiff because of membership in a protected class." Id. at 854 (*citing Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999)). The Equal Protection Clause *does* give rise to a "class of one" who has not alleged

---

[20] Rec. Doc. No. 65 at 5.

11

membership in a class. Id. (*citing Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

The U.S. Supreme Court has explained: "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff shows that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. 562 at 564; *Nance v. New Orleans and Baton Rouge Steamship Pilots' Ass'n*, 174 Fed. App'x. 849, 854 (5th Cir. 2006); *Qutb v. Strauss,* 11 F.3d 488 (5th Cir. 1993), cert. denied, 511 U.S. 1127, 114 S.Ct. 2134, 128 L.Ed.2d 864 (1994) (*citing City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432 (1985)).

The Fifth Circuit has extended "class of one" claims to the context of zoning land use and assessment. *Doe*, 2014 WL 2045344, at *5 (*citing Nance*, 174 Fed. App'x at 854). A plaintiff may either show that: (1) standards were applied differently to him than to others similarly situated, or (2) that a governmental policy or procedure was selectively enforced against him. *Bryan v. City of Madison*, 213 F.3d 267, 276-77 (5th Cir. 2000), *cert. denied*, 531 U.S. 1145 (2001).

Plaintiffs contend that, after notifying Defendant Gorrondona of other offending properties, (1) Gorrondona did not

take action, (2) the City of Gretna amended the subject ordinance to new measuring standards so the offending property would then fall into compliance, (3) there remain portions of neighboring property that continue to violate the subject statute and Defendants will not take any action to enforce the law, (4) that the ordinance has been enforced repeatedly against Plaintiffs' property even following favorable state court proceedings, and (5) that there is no rational basis for the foregoing difference in treatment.[21]

Reasonable public officials would have understood that the differential treatment denied Plaintiff equal protection of the law. *See City of San Antonio*, 77 F.3d at 828. Given the foregoing, at this stage in the litigation, the Court cannot conclude that Defendants, in their individual capacity, are entitled to qualified immunity from Plaintiffs' class of one equal protection claim.

***Fourteenth Amendment Due Process Claims***

In most cases, procedural due process requires a pre-deprivation notice or hearing so that a person has the opportunity to be heard a meaningful time and in a meaningful manner. *Jabary v. City of Allen*, 547 Fed. App'x 600, 609 (5th Cir. 2013). Pre-deprivation notice, when depriving someone of an

---

[21] Rec. Doc. No. 65 at 3.

important property interest, is "the root requirement of the Due Process Clause." *Id*.

Plaintiffs' property interests in the fence located on their property and in their real property are obvious, and the alleged failure to give pre-deprivation process prior to the destruction of the fence and the imposition of a lien, is a violation of a clearly established right under the Fourteenth Amendment. *Id*. The Court finds that the alleged conduct, and the alleged lack of pre-deprivation hearing or notice, was not objectively reasonable, particularly in light of Plaintiffs' pending appeal. As such, the Court cannot conclude that Defendants are entitled to qualified immunity from the due process claim.

### 3. Fourteenth Amendment Substantive Due Process Claim

Defendants take specific issue with the substantive due process claim, and contend that Plaintiffs have failed to state a claim for a violation thereof, as "the allegations do not pertain to the trial process or allege facts with the required specificity."[22]

An arbitrary deprivation of an individual's property right can violate the substantive component of the Due Process clause of the Fourteenth Amendment. *Simi Inv. Co. v. Harris Cnty.*, 236

---

[22] Rec. Doc. No. 62-1 at 8.

F.3d 240, 249 (5th Cir. 2000); *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988); *Clark v. City of Draper*, 168 F.3d 1185, 1189 (10th Cir. 1999). Any substantive due process claim must represent "more than an ordinary tort to be actionable under § 1983," and must "shock the conscience." *Clark,* 168 F.3d at 1189. To reach that level, the government action must be deliberate, rather than merely negligent. *Id.*

The specific circumstances of this case do not demonstrate that the City of Gretna's hasty decision to remove Plaintiffs' property, and to collect or confiscate personal property, related to concerns for public safety, a justifiable government interest. As alleged, the City of Gretna and its officials took action prior to resolution of Plaintiff's appeal, which ultimately reversed the lower court's guilty finding, by destroying Plaintiffs' fence, and by imposing a $1,850 lien on Plaintiffs' real property for the cost of destruction, which has yet to be removed.[23] Given the foregoing, the Court cannot find that Plaintiffs have failed to allege a substantive due process claim for the deliberate destruction of property.

C. Louisiana State Law Claims

1.   <u>Malicious Prosecution</u>

---

[23] Rec. Doc. No. 65 at 2.

To prove a claim for malicious prosecution under Louisiana law, Plaintiffs must establish: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its *bona fide* termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. *Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984)(*citing Eusant v. Unity Industrial Life Ins*., 195 La. 347, 351-52 (La. 1940)).

"The crux of the probable cause inquiry in a malicious prosecution case is whether the person filing the charges lacked an 'honest and reasonable belief in the [defendant's] guilt' at the time charges were filed." *Sipes v. City of Monroe*, No. 11-CV-01668, 2013 WL 4410994, at *7 (W.D. La. Aug. 15, 2013).

Plaintiffs have sufficiently plead a clam of malicious prosecution. Plaintiffs allege Defendants maliciously instituted the underlying civil action, which terminated in Plaintiffs' favor, without probable cause, and resulted in damage. Plaintiffs specifically contend that: (1) the fence at issue did not exceed height and complied with the ordinance, and (2) that the 24th Judicial District Court found the foregoing in reversing

the magistrate court's decision.[24] Defendants urge the existence of probable cause in instituting the underlying action; however, this argument challenges the weight and sufficiency of the evidence, and should not be addressed in resolving a 12(b)(6) motion.

2.   <u>Loss of Consortium</u>

Defendants contend that Plaintiffs fail to state a claim for loss of consortium because Plaintiffs do not allege "specific facts to show that any such loss was suffered."[25] Under Louisiana law, a plaintiff must be a member of a specific category of persons in order to maintain a loss of consortium claim. La. Code Civ. art. 2315.2; *Moore v. BASF Corp.*, No. 11-1001, 2012 WL 1118627 (E.D. La. April 3, 2012).

The Louisiana Supreme Court has expressly held that a loss of consortium claim is "derivative" of the predicate tort claim. *Ferrell v. Fireman's Fund Ins. Co.,* 696 So. 2d 569, 573 (La. 1997). In other words, it is not an injury to the person who was directly injured by the defendant's negligence, but rather a secondary layer of tort liability inuring to the benefit of a person whose relationship with the primary victim has been diminished as a result of the defendant's negligence. *Id.* at 574. The compensable elements of a spouse's loss of consortium

---

[24] Case No. 14-1221, Rec. Doc. No. 1 at 9.
[25] Rec. Doc. No. 62-1 at 12.

claim include: (1) loss of love and affection; (2) loss of companionship; (3) loss of material services; (4) loss of support; (5) impairment of sexual relations; and (6) loss of felicity. *Id.* at 573 n. 4.

Plaintiffs contend that, Plaintiff "Heidi Morice was pregnant during most of the time these violations occurred," and the couple's "relations were affected by the actions taken by the City of Gretna."[26] It does not appear beyond doubt that Plaintiffs can prove no set of facts in support of this loss of consortium claim; therefore, dismissal is not appropriate here. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, in order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, which Plaintiffs here have failed to do. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Plaintiffs request the opportunity to amend and set forth more specific allegations regarding this particular claim.[27] The Court finds that justice favors granting leave to amend, and that the factors militating against: undue delay; bad faith; repeated failures to cure deficiencies on previous amendments; undue prejudice to the opposing party; and, futility of the amendment, are not present here.

---

[26] Rec. Doc. No. 65 at 12.
[27] Rec. Doc. No. 65 at 12.

Therefore, Plaintiffs shall file an amended complaint, within (fourteen) 14 days of this Court's Order, detailing with specificity, the circumstances and facts surrounding the claim for loss of consortium.

    3.   <u>State Law Claims: Lack of Subject Matter Jurisdiction</u>

Defendants request that Plaintiffs' state law claims be dismissed for lack of subject matter jurisdiction in the event that the Court grants its motion to dismiss the federal law claims.

A court may decline to exercise supplemental jurisdiction over a claim under 28 U.S.C. § 1367(a) if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Court has declined to dismiss the federal law claims, thus, the Court continues to maintain supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a).

**IV.  Conclusion**

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that Defendants' 12(b)(6) Motion to Dismiss (Rec. Doc. No. 62) is **DENIED**, in part, and **GRANTED**, in part. **IT IS FURTHER ORDERED** that Plaintiffs are granted leave to amend to plead with specificity the facts and circumstance surrounding

the Louisiana state law claim for loss of consortium, within 14 days of this Court's order.

Although dismissal is not appropriate at this state, with further discovery, summary judgment may lead to revisiting certain issues raised and discussed here.

New Orleans, Louisiana, this 13th day of January, 2015.

UNITED STATES DISTRICT JUDGE